UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOAN REITZ, | ) | CASE NO. 5:21-cv-2259 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |
| LAUREL LAKE RETIREMENT | ) | |
| COMMUNITY, INC. | ) | |
| | ) | |
| DEFENDANT. | ) | |

Before the Court is the motion to set aside the entry of default under Federal Rule of Civil Procedure 55(c), filed by defendant Laurel Lake Retirement Community, Inc. ("Laurel Lake"). (Doc. No. 12.) Plaintiff Joan Reitz ("Reitz") filed an opposition (Doc. No. 13), and Laurel Lake filed a reply (Doc. No. 14). For the reasons discussed herein, Laurel Lake's motion to set aside the entry of default is GRANTED.

**I.   BACKGROUND**

Reitz, a former "Marketing & Move Coordinator" at Laurel Lake, initiated this action on November 30, 2021, claiming that Laurel Lake improperly classified her position as exempt from the overtime provisions of the Fair Labor Standards Act ("FLSA"). (Doc. No. 1 (Complaint) ¶¶ 1, 11.) Reitz seeks overtime compensation for the period of December 1, 2019, to October 2, 2020. (*Id.* ¶¶ 1, 11, 27.)

On December 10, 2021, Reitz served the summons and complaint on John T. Mulligan ["Attorney Mulligan"], the registered agent of Laurel Lake. (Doc. No. 4; Doc. No. 12-1 (Declaration of John T. Mulligan) ¶ 2.) Laurel Lake did not answer or otherwise respond to Reitz's complaint by its responsive pleading deadline of December 31, 2021. *See* Fed. R. Civ. P. 12(a)(1).

On March 2, 2022, Reitz asked the Clerk for an entry of default. (Doc. No. 5.) Reitz served Attorney Mulligan with a copy of its application for an entry of default. (*Id.* at 2.[1]) On March 11, 2022, the Clerk entered default against Laurel Lake. (Doc. No. 6.) The Clerk mailed a copy of the default to Attorney Mulligan and to Laurel Lake's Chief Executive Officer, David Oster ["CEO Oster"] directly. (*See* 03/11/2022 Docket Entry.) On March 29, 2022, Laurel Lake filed a motion to set aside the entry of default.[2]

In support of Laurel Lake's motion, Attorney Mulligan declares that he has no recollection of receiving the summons or the complaint in December 2021 but admits that he must have received both because he sent an email to CEO Oster, saying that he received both documents and intended to bring them to a December 15, 2021 Laurel Lake board meeting. (Doc. No. 12-1 ¶ 5.) Attorney Mulligan does not recall ever delivering the documents to CEO Oster. (*Id.*) Likewise, CEO Oster has no recollection of receiving the documents. (Doc. No. 12-2 (Declaration of David Oster) ¶ 5.) By way of explanation, Attorney Mulligan provides that December 2021 was an "unusually and extremely busy" month "with some very complicated matters." (Doc. No. 12-1 ¶ 5.)

Attorney Mulligan represents that he received the March 2, 2022 application for an entry of default in the mail on March 15, 2022, which he hand delivered to CEO Oster that same day. (*Id.* ¶ 3; Doc. No. 12-2 ¶ 3.) Attorney Mulligan received the Clerk's entry of default in the mail on March 16, 2021, (Doc. No. 12-1 ¶ 4), and CEO Oster received the entry on March 17, 2021 (Doc.

---

[1] All page number references herein are to the consecutive page numbers applied to each individual document by the electronic filing system, a citation practice recently adopted by this Court.

[2] On March 29, 2022, Laurel Lake filed a motion to set aside the entry of default. (Doc. No. 7.) On March 31, 2022, Laurel Lake filed a motion to supplement its motion to set aside default because it did not attach a referenced exhibit. (Doc. No. 10.) On April 1, 2022, this Court granted Laurel Lake's motion to supplement. (*See* 04/01/2022 Docket Entry.) That same day, Laurel Lake filed the operative motion to set side the entry of default with all exhibits. (Doc. No. 12.)

No. 12-2 ¶ 4). CEO Oster declares that he immediately retained legal counsel after receiving the application for an entry of default. (*Id.* ¶ 6.)

On April 1, 2022, Laurel Lake filed the instant motion to set aside the entry of default. Reitz filed a brief opposing the motion and Laurel Lake filed a reply. The matter is now ripe for this Court's review.

## II. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 55(c), "[t]he court may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)." The rule distinguishes between an entry of default and a judgment of default. To set aside an entry of default, there must only be "good cause." Three equitable factors are considered in determining whether good cause has been shown: "(1) whether culpable conduct of the defendant led to the default, (2) whether the defendant has a meritorious defense, and (3) whether the plaintiff will be prejudiced." *Burrell v. Henderson*, 434 F.3d 826, 831–32 (6th Cir. 2006) (citing *United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 845 (6th Cir. 1983)).

"When a defendant seeks relief from a default that has been entered by the clerk upon a plaintiff's request, the district court enjoys considerable latitude under the 'good cause shown' standard." *Waifersong, Ltd. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992). Trials on the merits are favored in federal courts and "[a]ny doubt should be resolved in favor of the petition to set aside" the entry of default. *See United Coin Meter Co*, 705 F.2d at 846 (quoting *Tozer v. Krause Milling Co.*, 189 F.2d 242, 245 (3d Cir. 1951)).

## III. DISCUSSION

After considering the parties' briefing and the relevant case law, the Court finds that the entry of default against Laurel Lake should be set aside for good cause shown.

### A. Reitz Has Not Articulated Any Prejudice That She Would Suffer if the Entry of Default Was Set Aside and the Court Perceives None.

"Mere delay in satisfying a plaintiff's claim, if it should succeed at trial, is not sufficient prejudice to require denial of a motion to set aside a default[.]" *United Coin Meter Co.*, 705 F.2d at 845 (citing, among authority, *Keegel v. Key W. & Caribbean Trading Co.*, 627 F.2d 372, 374 (D.C. Cir. 1980)); *Berthelsen v. Kane*, 907 F.2d 617, 621 (6th Cir. 1990). ("[D]elay alone is not a sufficient basis for establishing prejudice." (quotation marks and citation omitted)). "To establish prejudice, the plaintiff must show that the delay will result in the loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion." *Id*. Reitz does not contend in her opposition that she will suffer any prejudice if the entry of default is set aside—(*see* Doc. No. 13 at 3 (arguing the entry of default should stand because of Laurel Lake's "culpable conduct" and lack of a "meritorious defense"))—and the Court does not perceive any prejudice that Reitz would suffer either. The underlying facts of this litigation concern Reitz's employment between December 2019 and October 2020. (Doc. No. 1 ¶¶ 11, 18.) A few months of delay caused by Laurel Lake's default does not risk the loss of any evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion. *Berthelsen*, 907 F.2d at 621. The absence of any prejudice to Reitz weighs in favor of setting aside the entry of default.

### B. Laurel Lake Has Articulated a Potentially Meritorious Defense to Reitz's Claim.

In determining whether Laurel Lake has a meritorious defense "[l]ikelihood of success is not the measure." *United Coin Meter Co.*, 705 F.2d at 845 (quoting *Keegel*, 627 F.2d at 734). "Rather, if any defense relied upon states a defense good at law, then a meritorious defense has been advanced." *Id*. A defense is meritorious "if it contains even a hint of a suggestion which, proven at trial, would constitute a complete defense. The key consideration is to determine whether there is some possibility that the outcome of the suit after a full trial will be contrary to the result

4

achieved by the default." *INVST Fin. Grp. v. Chem-Nuclear Sys., Inc.*, 815 F.2d 391, 399 (6th Cir. 1987) (quotation marks and citations omitted). In analyzing whether the defendant has alleged a meritorious defense, the court "must resolve all ambiguous or disputed facts in the light most favorable to the defendant." *Berthelsen*, 907 F.2d at 621.

Laurel Lake asserts that it has a meritorious defense because it claims that Reitz's position of Marketing & Move Coordinator was properly classified as exempt under the administrative exemption of the FLSA. (Doc. No. 12 at 5.) Accepting this disputed fact as true—as the Court must—this defense would disprove the merits of Reitz's sole claim against Laurel Lake and, thus, "there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *INVST Fin. Grp.*, 815 F.2d at 399 (quotation marks and citations omitted).

Reitz contends that Laurel Lake has not raised any meritorious claim because Laurel Lake's motion fails to provide any "authenticated evidence on the record as to the factual statements that it makes" in support of its claimed meritorious defense. (Doc. No. 13 at 5.) Reitz has not pointed to any case law that suggests the Court must consider "authenticated" evidence when determining whether Laurel Lake has raised a meritorious defense for purposes of setting aside an entry of default, and the Court is not aware of any such case law. Rather, in determining whether a defendant has raised a meritorious defense, "[l]ikelihood of success is not the measure." *United Coin Meter Co.*, 705 F.2d at 845 (quoting *Keegel*, 627 F.2d at 734). Thus, "even conclusory assertions may be sufficient to establish the 'hint of a suggestion' needed to present a meritorious defense." *Dassault Systemes, SA v. Childress*, 663 F.3d 832, 843 (6th Cir. 2011) (confirming that a defendant seeking to set aside an entry of default is "not obligated at this stage to provide detailed factual allegations" to raise a meritorious defense); *see also Burrell*, 434 F.3d at 834 (noting the

absence of any factual allegations and the conclusory nature of the defenses, but nonetheless concluding that the asserted defenses were meritorious as the term is defined in the context of setting aside default). Because Laurel Lake has raised a meritorious defense, this factor weighs in favor of setting aside the entry of default against Laurel Lake.

### C. Neither Attorney Mulligan's nor CEO Oster's Disorganization Rises to "Culpable Conduct" That Prevents the Entry of Default from Being Set Aside.

"To be treated as culpable, the conduct of a defendant must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings." *Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 194 (6th Cir. 1986). There are no facts in the record to suggest that Laurel Lake intended "to thwart judicial proceedings" or had a "reckless disregard for the effect of its conduct" on the Court's proceedings.

Laurel Lake's explanation for its default is that, in essence, the executed summons was misplaced or overlooked by accident. (Doc. No. 12 at 2; Doc. No. 12-1. ¶ 5; Doc. No. 12-2 ¶ 5.) While a concerning and careless mistake, Attorney Mulligan is upfront about this blunder. (*See* Doc. No. 12-1 ¶ 5.) It is also concerning that CEO Oster seems to have at least received an email regarding the existence of a court summons but did not follow up independently for said summons. (Doc. No. 12-2. ¶ 5.) Reitz contends that these actions amount to "reckless disregard for the effect of [their] conduct on [the Court's] proceedings." (Doc. No. 13 at 3.) The Court is not so convinced.

While incredibly sloppy behavior by two professionals, the Court does not consider their actions to be "culpable" under the standard. *Shepard Claims Serv.*, 796 F.2d at 194 ("The conduct of [defense] counsel . . . was careless and inexcusable. Nevertheless, it is not necessary that conduct be excusable to qualify for relief under the 'good cause' standard of Rule 55(c)."). Contrarily, the Court notes that Laurel Lake retained counsel immediately after receiving Reitz's application for an entry of default, (Doc. No. 12-2 ¶ 6), and Laurel Lake filed its motion to set aside the entry of

6

default within a reasonable time (less than three weeks) after the Clerk entered the default. This weighs against any finding that Laurel Lake was intentionally disrespectful of the Court's proceedings. *Shepard Claims Serv.*, 796 F.2d at 194–95 ("Where the defaulting party and counsel have not shown disrespect for the court, or have given evidence of respect for the court's process by their haste in acting to set aside the default, the courts have been inclined towards leniency." (quoting 6 Moore's Federal Practice ¶ 55.01[2] at 55–61, 62 (1985 ed.)). The Court does not condone Attorney Mulligan's and CEO Oster's lack of organization, but the Court does not consider their careless disorganization to be "culpable conduct" under the standard that would weigh against Laurel Lake's request to set aside the entry of default.[3]

## IV. CONCLUSION

As stated, the Sixth Circuit favors addressing claims "on the merits" and "[a]ny doubt should be resolved in favor of the petition to set aside" the entry of default. *United Coin Meter Co.*, 705 F.2d at 846 (quotation marks and citation omitted). Thus, for the reasons set forth herein, Laurel Lake's motion to set aside the entry of default, (Doc. Nos. 6 & 12), is GRANTED. Laurel Lake is granted leave until October 18, 2022, to answer or otherwise respond to Reitz's complaint.

**IT IS SO ORDERED**.

Dated: October 4, 2022

**HONORABLE SARA LIOI
UNITED STATES DISTRICT JUDGE**

---

[3] Even if Attorney Mulligan's or CEO Oster's conduct was "culpable" under the standard, "a district court abuses its discretion in denying a motion to set aside an entry of default when two of the three factors have been demonstrated by the defendant: the defendant had a meritorious defense and no prejudice would result to the plaintiff if the matter were to go forward." *O.J. Distrib., Inc. v. Hornell Brewing Co.*, 340 F.3d 345, 353 (6th Cir. 2003) (citing *Shepard Claims Serv.*, 796 F.2d at 193–94), abrogated on other grounds by *Morgan v. Sundance, Inc.*, 142 S. Ct. 1708, 212 L. Ed. 2d. 753 (2022).