UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOAN M. REITZ, | ) | CASE NO. 5:21-cv-2259 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| v. | ) | **MEMORANDUM OPINION AND ORDER** |
| | ) | |
| LAUREL LAKE RETIREMENT COMMUNITY, INC., | ) | |
| | ) | |
| DEFENDANT. | ) | |

Before the Court is the parties' joint motion for approval of settlement and dismissal of the case (Doc. No. 43 (Motion)), supported by the declaration of plaintiff's counsel Chastity L. Christy. (Doc. No. 43-2 (Christy Declaration).) Because the Court finds that the settlement represents a fair resolution of plaintiff's claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, the joint motion is granted, the settlement is approved, and the case is dismissed with prejudice.

**I.  BACKGROUND**

On November 30, 2021, plaintiff Joan M. Reitz ("Reitz") filed this action, alleging that defendant Laurel Lake Retirement Community, Inc. ("Laurel Lake") violated the FLSA by failing to pay her all the overtime compensation to which she was entitled. (Doc. No. 43, at 2–3.)[1] For over two years, the parties engaged in formal discovery, including the exchange of interrogatories and document requests, and the conducting of several depositions. (*Id.* at 3.) On August 28, 2023,

---

[1] All page number references herein are to the consecutive page numbers applied to each individual document by the Court's electronic docketing system.

Laurel Lake filed a motion for summary judgment, which the Court denied. (*Id.*; *see* Doc. No. 29 (Motion for Summary Judgment); Doc. No. 30 (Memorandum in Support); Doc. No. 34 (Response); Doc. No. 35 (Reply); Doc. No. 38 (Memorandum Opinion and Order).) Following the Court's ruling on summary judgment, the parties advised the Court that they had reached a resolution. (*See* Doc. No. 41.)

## II. APPLICABLE LAW

"Employees are guaranteed certain rights by the FLSA, and public policy requires that these rights not be compromised by settlement." *Crawford v. Lexington-Fayette Urban Cnty. Gov't*, No. 06-299-JBC, 2008 WL 4724499, at *2 (E.D. Ky. Oct. 23, 2008). "The central purpose of the FLSA is to protect covered employees against labor conditions 'detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers.'" *Id.* (quoting 29 U.S.C. § 202) (further citation omitted).

The provisions of the FLSA are mandatory and, except in two narrow circumstances, are generally not subject to bargaining, waiver, or modification by contract or settlement. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706, 65 S. Ct. 895, 89 L. Ed. 1296 (1945); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). The first exception involves FLSA claims that are supervised by the Secretary of Labor pursuant to 29 U.S.C. § 216(c). *Lynn's Foods*, 679 F.2d at 1353. The second exception, applicable here, encompasses instances where a federal district court approves the settlement of a suit brought pursuant to § 216(b) of the FLSA. *Id.*

In reviewing the settlement of a plaintiff's FLSA claims, the district court must "'ensure that the parties are not, via settlement of [the] claims, negotiating around the clear FLSA requirements of compensation for all hours worked, minimum wages, maximum hours, and overtime.'" *Rotuna v. W. Customer Mgmt. Grp. LLC*, No. 4:09CV1608, 2010 WL 2490989, at *5

(N.D. Ohio June 15, 2010) (quoting *Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 2d 714, 719 (E.D. La. 2000) (further citation omitted)). The existence of a bona fide dispute serves as a guarantee that the parties have not manipulated the settlement process to permit the employer to avoid its obligations under the FLSA. *Id.* (citing *Crawford*, 2008 WL 4724499, at *3). The Court should also consider the following factors: the risk of fraud or collusion; the complexity, expense, and likely duration of the litigation; the amount of discovery completed; the likelihood of success on the merits; and the public interest in settlement. *Crawford*, 2008 WL 4724499, at *3 (citing *Int'l Union, United Auto., Aerospace, and Agric. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007)). Where the settlement agreement proposes an award of attorney's fees, such fees must be reasonable. *See generally Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999) (citing *Blum v. Stenson*, 465 U.S. 886, 893, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984)).

### III.     ANALYSIS

At the outset, the Court finds that the divergent views of the facts and the law presented a bona fide dispute that, had the parties not reached settlement, would have necessitated resolution by the Court and/or a jury. The parties' motion confirms the same. (Doc. No. 43, at 4.) In particular, the parties disagreed about whether Laurel Lake misclassified Reitz's position as "exempt" under the FLSA, whether Reitz was entitled to additional overtime, the number of overtime hours Reitz worked, and whether Laurel Lake had a good-faith defense to potential liquidated damages. (*Id.*)

Having reviewed the terms of the settlement, the Court finds that the settlement represents a fair and reasonable resolution to the bona fide dispute. Further, the Court notes that the settlement was the result of arms-length negotiations between parties that were represented by able counsel. As such, the Court finds no risk of fraud or collusion. While the Court is not in a position to assess

the likelihood of success on the merits, the Court finds that the other relevant factors weigh in favor of approving the settlement.

As the parties have indicated, the case was complex, and proceeding further would be costly and time-consuming. As it is, before reaching a settlement, the parties litigated this matter for over two years. (Doc. No. 43, at 4.) As the parties acknowledge in their motion, "[c]ontinued litigation would serve to increase the attorneys' fees and costs, with no guarantee of a larger verdict in favor of [Reitz]." (*Id.* at 7.)

With respect to the monetary award, the settlement provides that Reitz will receive $21,121.45 in damages: $10,560.73 as payment for overtime wages, less applicable payroll withholdings, and $10,560.72 as non-wage consideration in the form of liquidated damages. (Doc. No. 43-1 (Settlement Agreement) ¶ 1.) The Court has taken into account the opinion of counsel in this action, who has expressed that the proposed settlement fairly accounts for the compensation alleged to be owed to Reitz. (*See* Doc. No. 43-2 ¶ 35.) The Court agrees with counsel that this is an excellent result, especially given that this award is within the range of Reitz's calculated damages and represents 78 percent of the high end of that range. (*See* Doc. No. 43, at 6.)

Additionally, the Court finds that the award of attorney's fees to plaintiff's counsel of $17,600.00, which is supported by the declaration filed by counsel, is reasonable, taking into consideration the course of proceedings and the successful outcome providing substantial relief to Reitz. (*See* Doc. No. 43-1 ¶ 1.)[2] The fee award represents 48% of the total settlement award. This Court recently found a similar percentage to be reasonable. *White v. Stark Cnty. Veterans' Serv. Comm'n*, No. 5:22-cv-1493, 2023 WL 7130799, at *3 n.2 (N.D. Ohio Oct. 30, 2023); *see*

---

[2] The Settlement Agreement also provides for plaintiff's counsel to receive $5,278.55 in expenses. (Doc. No. 43-1 ¶ 1.) These expenses include the filing fee, court reporter attendance fees for five depositions, and deposition transcripts. (Doc. No. 43-2 ¶ 46.) Reitz's counsel certifies that all of these expenses "were incurred during the course of the litigation of this Action." (*Id.*) Given this information, the Court finds that these expenses are reasonable.

*also Kritzer v. Safelite Sols., LLC*, No. 2:10-cv-729, 2012 WL 1945144, at *9–10 (S.D. Ohio May 30, 2012) (finding a fee award in excess of 50% of the total recovery to be reasonable based on the heavily contested nature of the litigation, exceptional recovery for the plaintiffs, and a significant reduction in attorney's fees compared to the lodestar calculation). In this case, the fact that the parties litigated through summary judgment before reaching a settlement agreement and the excellent recovery for Reitz support the reasonableness of this percentage.

Given the uncertainty and risks surrounding a possible trial, the certainty and finality that comes with settlement also weighs in favor of a ruling approving the agreement. Likewise, such a ruling promotes the public's interest in encouraging settlement of litigation. *See Crawford,* 2008 WL 4724499, at *9.

## IV. CONCLUSION

For the foregoing reasons, the Court approves the parties' joint motion for approval of settlement. (Doc. No. 43.) The claims in Reitz's complaint are dismissed with prejudice, and this case is closed. The Court retains jurisdiction over this action to enforce the terms of the settlement.

**IT IS SO ORDERED**.

Dated: April 8, 2024

                                                                               **HONORABLE SARA LIOI**
                                                                               **CHIEF JUDGE**
                                                                               **UNITED STATES DISTRICT COURT**